No. 28,590.

CHARLES SMYTHE, *Appellee*, v. JAMES COOPER, *Appellant*.

(275 Pac. 154.)

Opinion filed March 9, 1929.

*C. W. McVickers* and *Arch F. Williams*, both of Wichita, for the appellant.
*W. D. Jochems* and *J. Wirth Sargent*, both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action in forcible detention commenced before the city court of Wichita where judgment was rendered in favor of the plaintiff, from which the defendant appealed to the district court where judgment was again rendered in favor of the plaintiff, and the defendant appeals to this court.

The abstract shows that the plaintiff, on May 2, 1928, commenced an action in the city court of Wichita in forcible entry and detention for the recovery of the possession of certain real property in that city; that the action was tried before a jury, a verdict was rendered in favor of the plaintiff, and judgment was rendered in his favor on May 10, 1928; that on the next day, May 11, 1928, that judgment, on the application of the plaintiff, was set aside because of defective notice; that on May 10, 1928, the plaintiff served a notice on the defendant to vacate the premises or an action would be commenced for the possession of the same; that on May 15, 1928, the present action was commenced with the result as above indicated; and that no appeal was taken from the order vacating the first judgment.

The defendant contends that the plaintiff had no right to commence a second action in forcible detention for the recovery of the property and that the judge of the city court had no authority to vacate the judgment that had been rendered against the defendant. The defendant in his abstract says:

"Evidence was introduced in behalf of both parties but such evidence concerned the lease between the parties, and as appellant does not care to raise an issue as to the validity of such lease, such evidence is omitted from this abstract."

The abstract does not show that the judgment rendered on May 10, 1928, was called to the attention of the trial court in any way whatever. What has been quoted from the abstract indicates that it was not called to the attention of that court. If the defendant intended to rely on that judgment he should have called the attention of the trial court to it. The failure of the defendant to show by his abstract that the attention of the trial court was called to that matter prevents this court from reversing the judgment on that ground. Even if the attention of that court was called to the first judgment, the defendant does not show wherein he was prejudiced by the order setting aside the first judgment or by the commencement of the second action. It may have been error for the city court to vacate that judgment, but the judgment rendered against him in the district court must stand unless the defendant shows that some substantial right of his was prejudicially affected thereby. (R. S. 60-3317.) No such result has been shown. Three trials have resulted against him. He seems to be holding the property wrongfully.

The judgment is affirmed.